UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GIRARD AND MECHELLE SMITH | CIVIL ACTION |
| VERSUS | N0. 09-3528 |
| CHARLES ALBERT, ET AL | SECTION "C" (3) |

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiffs sue for injuries allegedly sustained in an accident on May 2, 2008 in St. John the Baptist Parish. According to the petition filed on March 13, 2009, the plaintiff Girard Smith suffered bulging discs and a herniated disc, along with pain and dizziness, from that accident. (Petition, ¶ 7). No jury trial was requested in the petition. According to the defendants in memorandum, $21,385.05 in medical expenses were incurred at the time of removal; the plaintiff states that $39,047.05 in medical

expenses were incurred.[1]  There appears to be no dispute that the plaintiff has not been recommended for surgery, that injections were alleviating pain from the herniated disc and no current finding of permanent disability is provided.  According to the plaintiff, the plaintiff is "suffering with non-surgical bulging discs."  (Rec. Doc. 26, p. 2.).

The plaintiff challenges the defendants' ability to prove the jurisdictional minimum existed at the time of removal.[2]  The defendants do not argue, and the Court does not find, that the jurisdictional minimum is facially apparent from the petition in this matter.  Under these circumstances, the Court finds that the defendant has not made a showing sufficiently particularized to support this Court's subject matter jurisdiction.  This conclusion is consistent with previous rulings of this Court regarding unoperated herniated discs. Turner v. Winn Dixie, 2009 WL 159294 (E.D.La.);  Guzman v. State Farm Mutual Automobile Insurance Co., 2008 WL 2308099 (E.D.La.);  Jackson v. Continental Casualty Co., 2007 WL 782190 (E.D.La.); St. Pierre v. Miers, 2006 WL 980675 (E.D.La.); Kern v. State Farm Mutual Insurance Co., 2006 WL 146199 (E.D.La.); Lehmann v. Protective Insurance Co., 711705 (E.D.La.); Story v. Unitrin Specialty Insurance Co., 2005

---

[1] The attachments do not appear to support the plaintiff's figure.

[2] The Court can not ignore the fact that the proffered evidence of lost earnings does not indicate payment to the plaintiff, and the deposition testimony provided does not support an inference that continuous work would have been available.

WL 3543731 (E.D.La.).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the 19th Judicial District Court for the East Baton Rouge Parish, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 29th day of January, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE